

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
|  | ) |
| CHARLES B. MARINO, | ) CASE NO. 09-33545-H3-11 |
| DINOSAUR OIL AND GAS, INC. | ) CASE NO. 09-33649-H3-11 |
| ITALIAN-AMERICAN OIL CO., | ) CASE NO. 09-33650-H3-11 |
|  | ) |
| Debtors | ) Jointly Administered |
|  | ) |

MEMORANDUM OPINION

The court heard the Ex Parte Applications For Authority To Appoint And Engage Counsel For Dinosaur Oil & Gas, Inc. (Docket No. 34) and Italian-American Oil Co. (Docket No. 31) and after considering the pleadings, docket sheet and file in the above captioned bankruptcy case and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law and enters a separate Judgment in conjunction herewith granting the applications and allowing Dinosaur Oil & Gas, Inc. (Dinosaur) and Italian-American Oil Co. (Italian-American), Debtors, to employ John H. Bennett Jr., to represent them as debtors in possession in these jointly administered chapter 11 cases.  To the extent any Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such.  To the extent any Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

Charles B. Marino filed an individual chapter 11

bankruptcy proceeding on May 22, 2009.  Marino was the founder and former sole shareholder of Dinosaur and Italian-American.  Currently, Mary Josephine Stone (Stone) is the sole shareholder of these corporations as a result of a stock transfer from Marino (in lieu of foreclosure) for cancellation of a $300,000 loan.  Dinosaur and Italian-American filed voluntary petitions under chapter 11 on May 28, 2009.  On July 2, 2009, the court approved the joint administration of these three chapter 11 cases.

Stone, on behalf of Dinosaur and Italian-American, seeks to employ John H. Bennett, Jr. (Bennett) as bankruptcy counsel for Dinosaur and Italian-American.  Contemporaneous with the filing of the applications to employ, Bennett filed Declarations in Support and Disclosures of Compensation for each application.  Docket Nos. 33 and 30.  The Disclosure of Compensation reflects that Bennett did not receive a retainer or other payment for his services and costs.  Bennett did receive money from Stone, $1,039 on behalf of each Debtor, to use for payment of the chapter 11 filing fees.  Additionally, Stone and Debtors have promised to pay Bennett on an hourly fee basis of $350 per hour for legal services and to reimburse all legal expenses incurred in connection with these chapter 11 bankruptcy cases.

In the Declarations, Bennett disclosed that he also represents Stone but that he is a disinterested person and holds

no interest adverse to the Debtors which would prevent his employment on Debtors' behalf.  Bennett stated that Debtors and Stone have the same interests in connection with the bankruptcy filings as they are subject to claims asserted against Marino by some of his creditors.  As a result of these claims, funds that belong to the Debtors have been held in suspense.  The lack of Debtors' access to these funds consequently led to Debtors' filing chapter 11 petitions.

A Chapter 11 debtor in possession, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the debtor in possession in carrying out its duties under the Bankruptcy Code. 11 U.S.C. §§ 327(a), 1107.

Section 101(14) contains the Bankruptcy Code definition of "disinterested person."  That section provides in pertinent part:

> "disinterested person" means person that--
>
> (E)  not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or an investment banker specified in subparagraph (B) or (C) of this paragraph, or for any other reason.

11 U.S.C. § 101(14)(E).

3

Rule 2014 of the Federal Rules of Bankruptcy Procedure requires that a professional seeking employment to represent the estate or a committee in a bankruptcy case submit a "verified statement...setting forth the person's connections" to the debtor, creditors, and any other party in interest.  The purpose of such disclosure is to provide the court with information necessary to determine whether the professional's employment is in the best interest of the estate.  *In re The Leslie Fay Companies, Inc.,* 175 B.R. 525 (Bankr. S.D.N.Y. 1994).

All facts that may have a bearing on a professional's disinterestedness must be disclosed.  It is the responsibility of the professional to make sure that all relevant connections have been brought to light.  *See, e.g., In re BH & P, Inc.*, 949 F.2d 1300 (3rd Cir. 1991); *Rome v. Braunstein*; 19 F.3d 54 (1st Cir. 1994); *In re Huddleston*, 120 B.R. 399, 400-401 (Bankr. E.D. Tex. 1990).

In the instant case, Bennett has made the appropriate disclosures.  The dual representation of a corporate debtor and its sole shareholder is not in and of itself an actual conflict of interest.  There is a fundamental distinction between the potentially conflicting interests that may arise in every instance of joint representation and an actual conflict of interest as contemplated by section 327.  The representation of entities with potentially conflicting interests does not violate

section 327.  Whether an actual disqualifying conflict exists must be considered in light of the particular facts of each case. *See Consolidated BancShares, Inc.*, 785 F.2d 1249 (5th Cir. 1986); *In re Global Marine, Inc.*, 108 B.R. 998 (Bankr. S. D. Tex. 1987) and cases cited therein.

The court acknowledges there is a potential for conflicts to develop.  Currently, the interests of the Debtors and Stone are the same, the schedules do not reflect either Debtor as a creditor of the other nor do they reflect claims by Stone against either Debtor or vice versa, the cooperation of the sole shareholder benefits the reorganization process, and having one attorney handling matters avoids the needless waste of time and expense.  The court finds that no actual disqualifying conflict of interest exists at the present time.

The duty to make full and complete disclosure of facts which bear upon an applicant's qualifications for retention is an ongoing duty.  An attorney has the obligation to be diligent in ascertaining, on a continuing basis, whether any conflict or other obligation affecting disinterestedness exists.  Should an adverse interest later become known or arise through other events, Bennett is required to disclose this information to the court.

Based on the foregoing, a separate Judgment will be entered granting the Ex Parte Applications For Authority To

Appoint And Engage Counsel For Dinosaur Oil & Gas, Inc. (Docket No. 34) and Italian-American Oil Co. (Docket No. 31).

      Signed at Houston, Texas on this 5th day of October, 2009.

                                          LETITIA Z. PAUL
                                          UNITED STATES BANKRUPTCY JUDGE